UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SECTOR NAVIGATION COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-1788-CJB-SS** |
| **M/V CAPTAIN P, her engines, tackle, furniture, apparel, appurtenances, etc.,** *in rem* | |

### ORDER

CAPTAIN P'S MOTION TO QUASH REQUEST FOR PRODUCTION OF WITNESS STATEMENTS (Rec. doc. 17)

    **GRANTED**

SECTOR'S MOTION TO COMPEL PRODUCTION OF ORIGINAL CHARTS AND VOYAGE PLANS AND PRODUCTION OF SECOND OFFICER FOR DEPOSITION (Rec. doc. 23)

    **DENIED WITHOUT PREJUDICE**

Before the undersigned are: (1) the motion of the defendant, M/V Captain P, to quash request for production of witness statements; and (2) the motion of the plaintiff, Sector Navigation Company, to compel production of original charts and voyage plans and production of second officer for depositions.

This action arises out of a collision between two vessels, M/V Captain P and M/T Estella,

on March 12, 2006 on the Bonny River near Port Harcourt in the Federal Republic of Nigeria. The M/T Estella is owned by the plaintiff, Sector Navigation Company.[1] On April 6, 2006, Sector filed a complaint in this court and arranged for the issuance of a warrant for the arrest of the Captain P. On that same date, the District Court ordered that:

> [T]he master, watch officer, helmsman, chief engineer, engineering watch officer and any other personnel that were on duty (on Captain P) at the time of the collision between the M/V Captain P and the M/V Estella on March 12, 2006, be made available here in New Orleans for depositions to be taken by counsel for M/V Estella, before either the M/V Captain P or her crewmembers depart the Port of New Orleans and this district.

Rec. doc. 8. This is the only discovery order issued by the District Court. Sector also sought to expedite discovery. Rec. doc. 12. On April 7, 2006, there was a status conference before the District Court. The minute entry reflects that <u>agreements</u> by the parties were reached on the following: (1) release of the Captain P to Houston; (2) duration of the stop in Houston; (3) depositions to be taken in Houston; (4) the possibility of additional depositions; (5) production of documents that are not subject to a privilege; (6) the date, time and location of depositions; (7) arrangements for translators and court reporters; and (8) joint survey and inspection of The Captain P. Rec. doc. 11.

The Captain P provided a privilege log. There are fourteen incoming faxes to the Captain P. The earliest is from the Captain P's London counsel to the vessel on March 13, 2006, the day after the collision. There are three outgoing faxes from the Captain P, all of which are dated March 20, 2006. There are four statements from the Captain P crew members and a fifth document

---

[1] Hereafter the plaintiff will be referred to as Sector and the defendant will be referred to as the Captain P.

identified as a draft of the statement of the Captain P's master. An order is sought by the Captain P to quash Sector's request for these documents.

The depositions of certain members of the Captain P's crew were conducted on April 9-12, 2006 in Houston. In addition to the documents identified on the privilege log, Sector seeks an order compelling: (1) immediate production of the navigation charts and voyage plans on the Captain P at the time of the collision; and (2) production of Second Mate Stefan Petkov for deposition in New Orleans.

The parties report that the Captain P is in liner service from West Africa to the Gulf Coast, including New Orleans and Houston. It is presumed that after the completion of the depositions in Houston, the Captain P sailed from the Port of Houston. The M/T Estella has remained anchored in the Bonny River since the collision. The Captain P reports that before it arrived in New Orleans it commenced litigation against Sector in Nigeria and that it has forum non conveniens and lis pendens defenses that it will raise by motion.[2]

The record, including the District Court's discovery order and the parties' agreement, demonstrates that certain discovery occurred because the Captain P was present within this district and was arrested pursuant to Sector's complaint. The need for emergency discovery passed with the sailing of the Captain P from Houston on or about April 13, 2006.

Fed. R. Civ. P. 26 provides the general provisions for discovery. It calls for initial disclosures. Pursuant to Rule 26(d), a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) unless authorized by order or agreement of the

---

[2] The Captain P has until May 16, 2006 to respond to Sector's complaint. Rec. doc. 26.

parties. Fed. R. Civ. P. 26(d).

The District Court's discovery order is interpreted as applying to those crew members, identified in the order by their title, who were on duty at the time of the collision <u>and</u> who were on the Captain P when it arrived in New Orleans. It did not apply to the second officer who left the Captain P after the collision and before the vessel sailed from West Africa to New Orleans. Thus, the Captain P complied with the requirements of the District Court's discovery order of April 7, 2006.

Because the Houston depositions were concluded there is no prejudice in delaying resolution of the issue of the documents identified on the privilege log until after a Rule 26(f) conference.

The parties agree that certain documents were removed from the vessel by the Captain P's London counsel prior to the vessel's sailing from West Africa for New Orleans. The Captain P reports that these documents are held for safekeeping in London by its counsel, who is known to Sector's counsel.[3] There is no suggestion that there is any risk of loss of these documents while they are in the possession of the Captain P's London counsel or that there is any prospect of the Captain P's counsel releasing the documents except in connection with proceedings either here or in Nigeria.[4] The Captain P complied with the parties' discovery agreement of April 7, 2006. Neither party may initiate discovery until after they confer as required by Rule 26(f).

IT IS ORDERED that: (1) the Captain P's motion to quash request for production of witness

---

[3] Sector and the Captain P are insured by separate London P & I clubs.

[4] The parties report that at one point there were discussions about stipulating to resolving the controversy in London.

statement (Rec. doc. 17) is GRANTED without prejudice to Sector's right to re-urge the discovery; and (2) Sector's motion to compel production of original charts and voyage plans and production of second officer for depositions (Rec. doc. 23) is DENIED without prejudice.

New Orleans, Louisiana, this 5th day of May, 2006.

                                            **SALLY SHUSHAN**
                                      **United States Magistrate Judge**