```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


SECTOR NAVIGATION COMPANY                      CIVIL ACTION

VERSUS                                         NO. 06-1788

M/V CAPTAIN P, her engines,                    SECTION "J" (1)
tackle, furniture, apparel,
appurtenances, etc. in rem
```

### AMENDED ORDER AND REASONS

On March 15, 2007, this Court issued an Order and Reasons on Plaintiff's Motion for Foreign Anti-Suit Injunction (Rec. Doc. 83).  This Court now issues this Amended Order and Reasons to correct errors inadvertently made on page 6 of the original order and reasons in the last paragraph.  This order does not change the substance of the Court's previous ruling.

Before the Court is Plaintiff's **Motion for Foreign Anti-Suit Injunction (Rec. Doc. 78)**.  Defendant opposes the motion, which was set for hearing on February 14, 2007, without oral argument. For the reasons that follow, the Court finds that this motion should be denied.

**Background Facts and Procedural History**

On March 12, 2006, two foreign flag vessels, the M/V CAPTAIN P and the ESTELLA, collided on the Bonny River near Port Harcourt, Nigeria.  Each vessel sustained damages, but the ESTELLA was more severely damaged and is still sitting in the river near the site of the collision.  The M/V CAPTAIN P sustained less damage, and was able to continue on her scheduled voyage.

Shortly after the collision, a suit was filed in Nigeria by Solar Dawn, seeking to limit its liability pursuant to Nigeria's limitation of liability laws.  That suit remains pending in Nigeria.  Subsequently, when the M/V CAPTAIN P arrived in New Orleans, Sector filed this in rem proceeding and had the vessel seized, which was later released after Solar Dawn posted security for the stipulated value of the vessel.  After the Nigerian limitation action and this in rem lawsuit were filed, Solar Dawn filed a second lawsuit in Nigeria; asserting both in rem and in personam claims relating to the same collision.

This Court denied Solar Dawn's request to dismiss this case on the basis of international comity, forum non conveniens, and lis alibi pendens.  Sector now seeks to enjoin the Nigerian litigation.

**Discussion**

As the Fifth Circuit noted in <u>Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara</u>, 335 F.3d 357, 364 (5th Cir. 2003), a foreign anti-suit injunction is a "particular subspecies of preliminary injunction." When a preliminary injunction takes the form of a foreign anti-suit injunction, the court is required to weigh the need to "prevent vexations or oppressive litigation" and "to protect the court's jurisdiction" against the need to defer to principles of international comity. <u>Id.</u> at 366. To determine whether proceedings in another forum constitute vexatious or oppressive litigation, the court looks for the presence of certain interrelated factors, such as: (1) "inequitable hardship" resulting from the foreign suit; (2) the foreign suit's ability to "frustrate and delay the speedy and efficient determination of the cause"; and (3) the extent to which the foreign suit is duplicitous of the litigation in the United States. <u>Id.</u> The <u>Kahara</u> court cautioned:

> . . . a preliminary injunction is "an extraordinary remedy" which should only be granted if the party seeking the injunction has "clearly carried the burden of persuasion" on all four requirements. As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule."

<u>Id.</u> at 363-64.

Before engaging in the above-described analysis, the Court in <u>Industrial Maritime Carriers (Bahamas), Inc. v. Barwell Agencies A.S.,</u> noted, "the court finds no caselaw involving a foreign anti-suit injunction where, as here, the lawsuit in the foreign country was filed before the lawsuit filed in the United States."  2003 WL 22533704, *3 (E.D. La. 2003).  The same is true for this case.  Here, three lawsuits have been filed in connection with this accident.  The first lawsuit filed was filed in Nigeria - although it was only a limitation of liability action.  The second lawsuit filed in connection with this accident is this lawsuit, which was filed in rem in the Eastern District of Louisiana when the M/V CAPTAIN P arrived in New Orleans.  The third and final lawsuit was filed in Nigeria and constitutes both an in rem and in personam action.  The fact that the first lawsuit filed relating to this case was filed in Nigeria is significant.  This fact renders the main case cited by Sector in support of this motion inapplicable.  In <u>Kaepa, Inc. v. Achilles Corp.</u>, the Fifth Circuit determined that the district court had not erred when it enjoined a lawsuit filed in Japan that "mirrored a lawsuit *previously* filed" by the plaintiff in the United States.  76 F.3d 624, 625 (5th Cir. 1996), <u>emphasis added</u>, <u>reh., en banc, denied</u>, 83 F.3d 421, <u>cert. denied</u>, 519 U.S. 821, 117 S. Ct. 77, 136 L.Ed.2d 36 (1996), <u>emphasis added</u>.

Indeed - as the <u>Industrial Marine</u> Court implied - the factors set forth and explained by the Fifth Circuit in <u>Kahara</u> seem to apply more readily to cases wherein the foreign suit was filed *after* the lawsuit was instituted in the United States.

The Court finds that the Nigerian suit will not result in certain inequitable hardship to Sector.

The Nigerian suit will not delay the proceedings before this Court.  In fact, a trial date has been set and a scheduling order is in place.  The case is moving along at a normal pace - despite the ongoing proceedings in Nigeria.  Sector attempts to argue that Solar Dawn is stalling this suit with its objection to two discovery requests, however, that issue seems to be more suited for a motion to compel set before the assigned magistrate judge and is not a reason to enjoin two pending lawsuits in a foreign jurisdiction - one of which was pending *before* the lawsuit here.

As for the duplicitous nature of these proceedings, the first lawsuit relating to this accident was filed in Nigeria. This Court does not find Sector's argument persuasive - wherein it alleges that the third lawsuit (the second lawsuit filed in Nigeria) is duplicitous as it mirrors this lawsuit.  Sector is, after all, seeking to enjoin *both* lawsuits in Nigeria - not just the second one.

Also supporting denial of this motion are the principles of

international comity.  This Court previously found that dismissing this lawsuit on grounds of international comity, forum non conveniens, and lis alibi pendens would be improper; however, enjoining the pending lawsuits in Nigeria is an entirely different matter.  Thus, principles of comity require this Court to refrain from interfering with the pending proceedings in Nigeria. Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Foreign Anti-Suit Injunction (Rec. Doc. 78)** should be and hereby is **DENIED**.

New Orleans, Louisiana, this 15th day of March, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE